1  FREUNDLICH LAW
   Kenneth D. Freundlich (SBN: 119806)
2  16133 Ventura Blvd., Ste. 1270
   Encino, California 91436
3  Telephone: (818) 377-3790
   Facsimile: (310) 275-5351
4  Email:    ken@freundlichlaw.com

5  -and-

6  REITLER KAILAS & ROSENBLATT LLC
   Brian D. Caplan (*pro hac vice* application to be submitted)
7  885 Third Avenue, 20th Floor
   New York, New York 10022
8  Telephone: (212) 209-3050
   Facsimile: (212) 371-5500
9  Email:    bcaplan@reitlerlaw.com

10 *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY STIRLING, LINDSEYSTOMP MUSIC, LLC, KEITH VARON, and ROBERT "MCKAY" STEVENS<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW STEEPER,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lindsey Stirling, Lindseystomp Music, LLC, Keith Varon, and Robert "McKay" Stevens, by their attorneys, Freundlich Law and Reitler Kailas & Rosenblatt LLC, as and for their Complaint against the defendant herein, allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202 in order to prevent Defendant from claiming to be a co-author of a musical composition he did not create and a co-producer of a master recording

embodying such composition that he did not produce. Put simply, Defendant should be prohibited from claiming artistic recognition and seeking economic advantage for a musical composition and recording he did not contribute to.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§1331 and 1338. This Court has federal question jurisdiction in this matter in that the Plaintiffs seek a declaratory judgment and damages against the defendant herein under the U. S. Copyright Act of 1976, 17 U.S.C. §§101 *et seq.*

3. Venue lies within this Court pursuant to 28 U.S.C. §§ 1391(b)(1)(2)(3), 1391(c), and 1400(a) in that, upon information and belief, Defendant is a resident of this District and a substantial part of the events or the omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

4. Plaintiff Lindsey Stirling ("Stirling"), is a resident and citizen of the State of California.

5. Plaintiff Lindseystomp Music, LLC ("Lindseystomp Music") is a Delaware limited liability company with its principal place of business located in Tennessee.

6. Stirling is the sole member of Lindseystomp Music.

7. Plaintiff Keith Varon ("Varon") is a resident and citizen of the State of California.

8. Plaintiff Robert "McKay" Stevens ("Stevens") is a resident and citizen of the State of California.

9. Upon information and belief, Defendant Matthew Steeper ("Defendant") is a citizen of Canada who resides in Los Angeles, California.

## FACTUAL BACKGROUND

10. Stirling is a violinist, dancer, performance artist and composer who has released three musical albums, featured as an artist on several recordings and charted on

several Billboard lists, appeared on America's Got Talent, enjoys more than 8 million followers on her YouTube channel and has toured the world performing music.

11. Upon information and belief, Defendant is a self-described singer-songwriter and producer with a focus on electronic dance music.

12. In or about mid-January 2015, Stirling, along with Varon and Stevens, co-authored the musical composition entitled "Firefly" (the "Composition").

13. On or about January 16, 2015, Stirling attended a session at the recording studio located in Varon's home in order to write the Composition and create a master recording thereof embodying Stirling's performance (the "Master Recording").

14. Stevens wrote a portion of the lyrics of the Composition prior to the session, and brought the lyrics with him to the session.

15. Later in 2015, Stirling re-recorded all of the violin and vocal parts of the Master Recording in another studio with another recording engineer.

16. Defendant, who lived with Varon at the time, entered the recording session uninvited and proceeded to offer up contributions to both the Composition and the Master Recording during the session, all of which were rejected.

17. Defendant remained in the studio during the session, but made no contribution that was accepted or embodied in the Composition.

18. Defendant did not produce, co-produce or otherwise contribute copyrightable subject matter to the Master Recording.

19. Stirling, Stevens and Varon memorialized their respective contributions to the Composition in a "Collaboration Agreement" dated as of June 1, 2015, which lists the co-authorship splits of the Composition as follows:

    Lindsey Stirling    33.34%

    McKay Stevens    33.33%

    Keith Varon    33.33%

20. The Composition was also registered with ASCAP with the above author splits.

21. As co-authors of the Composition, Stirling, Varon and Stevens are co-owners of the copyrights therein.

22. Stirling granted Lindseystomp Music the right to administer her share of the Composition, and Stirling has never transferred, assigned or conveyed her copyright interests in the Composition to any person or entity other than Lindseystomp Music.

23. Varon and Stevens have likewise granted their respective publishing designees the right to administer their respective shares of the Composition, and neither Varon nor Stevens have transferred, assigned or conveyed their respective copyright interests in the Composition to any person or entity other than their respective publishing designees.

24. Stirling, through her company Lindseystomp Music, entered into a Producer Agreement with Stevens and Varon dated June 1, 2015 pursuant to which Stevens and Varon provided services as co-producers of the Master Recording (the "Producer Agreement").

25. Under the terms of the Producer Agreement, Stevens and Varon were each to receive $2,500 for their producer services, with 50% of that amount being recoupable against future earnings. A 3% producer royalty was also to be paid to Stevens and Varon for their producer services, i.e., a 1.5% producer royalty to each Stevens and Varon.

26. Pursuant to the Producer Agreement, Varon and Stevens' contributions to the Master Recording were "works made for hire."

27. As a result thereof, Lindseystomp Music is the sole owner of the Master Recording and the copyright thereto.

28. Lindseystomp Music has not transferred, assigned or conveyed its interest in the Master Recording to any other person or entity.

29. Upon information and belief, on or about January 18, 2015, subsequent to the session and without the approval of either Stirling or Stevens, Varon provided Defendant with a copy of the Master Recording.

30. Upon information and belief, Varon sent Defendant a file of a portion of the Master Recording, and the next day, Defendant returned it with de minimis changes.

31. Upon information and belief, none of the changes proposed by Defendant were incorporated into the Master Recording.

32. However, even if any of Defendant's changes to the Master Recording were embodied in the final delivered Master Recording, the changes made by Defendant were de minimis and did not rise to the level of contribution required to make Defendant a co-author or co-owner of the Master Recording.

33. By written agreement dated as of April 18, 2016, Stirling, through her company Lindseystomp Music, entered into a synchronization license agreement with Mattel, Inc. ("Mattel") for the use of Stirling's share of the Composition and Master Recording in connection with the movie entitled "Barbie: Star Light Adventure" in exchange for $100,000 (the "Mattel License").

34. With the exception of the Mattel License and a promotional offer to fans for a free download of the Master Recording, neither the Composition nor the Master Recording have been commercially exploited, and there is no other income with respect to "Firefly."

35. In a series of letters to Mr. Varon dated March 4, 2016, March 28, 2016, and June 1, 2016, Defendant, through his counsel, Justin M. Jacobson, Esq., claimed to be a co-author of the Composition and a co-producer of the Master Recording, and demanded credit and compensation in connection with same.

36. On or about July 18, 2016, Defendant, through his counsel, wrote letters to ASCAP and Broadcast Music, Inc. claiming to be a co-author of the Composition and a co-producer of the Master Recording and alleging that the registration of the subject works with these entities was "fraudulent."

37. Defendant's counsel forwarded these letters to counsel for Stirling on July 27, 2016.

38. On or about August 4, 2016, counsel for the parties herein and counsel for Mr. Varon had a conference call in which counsel for Stirling and Varon both rejected Defendant's claims and requested documentation to support Defendant's allegations.

39. Defendant's counsel provided certain information to counsel for Stirling and Varon on August 15, 2016.

40. By letter dated August 26, 2016, counsel for Varon, Jordan Bromley, Esq., rejected Defendant's contentions that he is a co-author of the Composition or co-producer of the Master Recording.

41. By letter dated September 1, 2016, Defendant's counsel re-iterated Defendant's position.

42. On or about January 6, 2017, Stirling's company, Lindseystomp Music, received a letter from Mattel indicating that Mattel was in receipt of a letter from a law firm representing Defendant claiming that Defendant had an ownership interest in the Composition and Master Recording which Lindseystomp Music licensed to Mattel, and requesting that, pursuant to the Mattel License, Lindseystomp Music indemnify and hold Mattel harmless from any claims arising in connection with Mattel's use of the Composition and Master Recording.

43. By falsely claiming to be a co-author and co-producer of the Composition and the Master Recording, respectively, Defendant has disrupted Plaintiffs' relationships with Mattel, ASCAP, and others.

44. Contrary to Defendant's wholly unsupported claims, Defendant did not make a single contribution in the session that was utilized.

45. Defendant is not a co-author of the Composition.

46. Defendant is not a co-producer of the Master Recording.

## FIRST CLAIM

Plaintiffs Stirling, Varon and Stevens Seek Declaratory Relief Pursuant to 28 U.S.C. §§2201 *et seq*.

47. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 46 above as if fully set forth herein.

48. By reason of the foregoing, an actual and justiciable controversy of sufficient immediacy and reality has arisen and now exists between Plaintiffs Stirling, Varon, and Stevens, on the one hand, and Defendant, on the other hand, under federal copyright law, 17 U.S.C. §§101 *et seq*. concerning their respective rights and interests in the authorship of the Composition.

49. Plaintiffs Stirling, Varon, and Stevens contend that Defendant is not a co-author of the Composition and did not contribute to the authorship of the lyrics or the music of the Composition.

50. Defendant contends that he is a co-author of the Composition and did contribute to the authorship of the lyrics and/or music of the Composition.

51. Declaratory relief from this Court is necessary pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq*., so that the parties may know their respective rights and obligations with respect to the Composition.

52. By reason of the foregoing, Plaintiffs Stirling, Varon, and Stevens are entitled to a declaratory judgment and related relief, declaring that Defendant is not a co-author of the Composition.

53. Plaintiffs Stirling, Varon, and Stevens have no adequate remedy at law.

## SECOND CLAIM

Plaintiff Lindseystomp Music Seeks Declaratory Relief Pursuant to 28 U.S.C. §§2201 *et seq*.

54. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 53 above as if fully set forth herein.

55. By reason of the foregoing, an actual and justiciable controversy of sufficient immediacy and reality has arisen and now exists between Plaintiff Lindseystomp Music and Defendant under federal copyright law, 17 U.S.C. §§101 *et seq.* concerning their respective rights and interests in the Master Recording.

56. Plaintiff Lindseystomp Music contends that Defendant is not a co-producer of the Master Recording.

57. Defendant contends that he is a co-producer of the Master Recording.

58. Declaratory relief from this Court is necessary pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, so that the parties may know their respective rights and obligations with respect to the Master Recording.

59. By reason of the foregoing, Plaintiff Lindseystomp Music is entitled to a declaratory judgment and related relief, declaring that Defendant is not a co-producer of the Master Recording.

60. Plaintiff Lindseystomp Music has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Lindsey Stirling, Lindseystomp Music, LLC, Keith Varon, and Robert "McKay" Stevens respectfully request that this Court enter judgment as follows:

A. On the First Claim, declaring that Defendant is not a co-author of the Composition;

B. On the Second Claim, declaring that Defendant is not a co-producer of the Master Recording;

C. Awarding Plaintiffs their costs and disbursements incurred, including reasonable attorneys' fees, in prosecuting this action; and

////
////
////
////

D. Awarding Plaintiffs such other and further equitable and legal relief as this Court may deem necessary, just and proper.

DATED: March 1, 2017                    Respectfully Submitted,

FREUNDLICH LAW


        /s/ Kenneth D. Freundlich
    KENNETH D. FREUNDLICH

Kenneth D. Freundlich (SBN: 119806)
16133 Ventura Blvd., Ste. 1270
Encino, California 91436
Telephone: (818) 377-3790
Facsimile: (310) 275-5351
Email:     ken@freundlichlaw.com

-and-

Brian D. Caplan
(*pro hac vice* application to be submitted)
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3050
Facsimile: (212) 371-5500
Email:     bcaplan@reitlerlaw.com

*Attorneys for Plaintiffs*

COMPLAINT                 9

# JURY DEMAND

Pursuant to Fed. R. Civ. P. Rule 38(b) and L.R. 38, Plaintiffs demand a trial by jury on all issues properly triable.

DATED: March 1, 2017

Respectfully Submitted,

FREUNDLICH LAW

/s/ Kenneth D. Freundlich
KENNETH D. FREUNDLICH

Kenneth D. Freundlich (SBN: 119806)
16133 Ventura Blvd., Ste. 1270
Encino, California 91436
Telephone: (818) 377-3790
Facsimile: (310) 275-5351
Email: ken@freundlichlaw.com

-and-

Brian D. Caplan
(*pro hac vice* application to be submitted)
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3050
Facsimile: (212) 371-5500
Email: bcaplan@reitlerlaw.com

*Attorneys for Plaintiffs*

COMPLAINT

10