FREUNDLICH LAW
Kenneth D. Freundlich (SBN: 119806)
16133 Ventura Blvd., Ste. 1270
Encino, California 91436
Telephone: (818) 377-3790
Facsimile: (310) 275-5351
Email: ken@freundlichlaw.com

-and-

REITLER KAILAS & ROSENBLATT LLC
Brian D. Caplan (admitted *pro hac vice*)
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3050
Facsimile: (212) 371-5500
Email: bcaplan@reitlerlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY STIRLING, LINDSEYSTOMP MUSIC, LLC, KEITH VARON, and ROBERT "MCKAY" STEVENS<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW STEEPER,<br><br>Defendant. | Case No. 2:17-cv-01713-PA-MRW<br><br>**ANSWER TO COUNTERCLAIMS** |

Plaintiffs/Counterclaim Defendants Lindsey Stirling, Lindseystomp Music, LLC, Keith Varon, and Robert "McKay" Stevens ("Counterclaim Defendants"), by their attorneys, Freundlich Law and Reitler Kailas & Rosenblatt LLC, as and for their Answer to the Counterclaims of defendant Matthew Steeper (the "Counterclaims"), respond as follows:

1.  No response is necessary to paragraph 1 of the Counterclaims as paragraph 1 contains no allegations.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Counterclaims.

3.  Admit the allegations contained in paragraph 3 of the Counterclaims.

4.  Admit the allegations contained in paragraph 4 of the Counterclaims.

5.  Admit the allegations contained in paragraph 5 of the Counterclaims.

6.  Admit the allegations contained in paragraph 6 of the Counterclaims.

**JURISDICTION**

7.  Paragraph 7 of the Counterclaims states a legal conclusion as to which no response is required.

**VENUE**

8.  Paragraph 8 of the Counterclaims states a legal conclusion as to which no response is required.

**FACTS**

9.  Deny the allegations contained in paragraph 9 of the Counterclaims, except admit that on or about January 16, 2015, Stirling, Varon and McKay met at Varon's then-residence for a writing and recording session.

10. Deny the allegations contained in paragraph 10 of the Counterclaims.

11. Deny the allegations contained in paragraph 11 of the Counterclaims, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaims with respect to the existence and content of the so-called "Voice Memorandum."

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Counterclaims, except deny that Counterclaimant's "intended lyrics" for "Firefly" were incorporated by the Counterclaim Defendants into the musical composition or master recording at issue.

13. Deny the allegations contained in paragraph 13 of the Counterclaims, except admit that Varon does not use Ableton computer software.

14. Deny the allegations contained in paragraph 14 of the Counterclaims, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Counterclaims with respect to whether Counterclaimant has possession of the subject "'session' files, MIDI and data."

15. Deny the allegations contained in paragraph 15 of the Counterclaims, and otherwise respectfully refer the Court to Exhibit A for its content and meaning.

16. Deny the allegations contained in paragraph 16 of the Counterclaims, except admit that text messages were exchanged between Varon and Counterclaimant on or about February 13, 2015.

17. Deny the allegations contained in paragraph 17 of the Counterclaims.

18. Deny the allegations contained in paragraph 18 of the Counterclaims, except admit that Counterclaimant provided Varon with a copy of Exhibit B.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Counterclaims, except deny that Counterclaimant contributed to the creation of the Composition or the Master Recording.

20. Deny the allegations contained in paragraph 20 of the Counterclaims, except admit that in or about November 2015, Counterclaimant sent an email to Varon concerning "Firefly," among other things.

21. In response to the allegations contained in paragraph 21 of the Counterclaims, respectfully refer the Court to Exhibit C for its content and meaning.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Counterclaims.

23. Deny the allegations contained in paragraph 23 of the Counterclaims, except admit that Counterclaim Defendants have not provided Counterclaimant with payment or accreditation in connection with the Composition and Master Recording.

**FIRST COUNTERCLAIM FOR RELIEF**

*Declaratory Relief Pursuant to 28 U.S.C. §§ 2201 et seq.*

24. Counterclaim Defendants repeat and re-allege the responses to the allegations contained in paragraphs 1 through 23 of the Counterclaims as if fully set forth herein at length.

25. Paragraph 25 of the Counterclaims states a legal conclusion as to which no response is required, except admit that there is a justiciable controversy between the parties concerning the parties' respective rights and interests in the subject musical composition.

26. Admit the allegations contained in paragraph 26 of the Counterclaims.

27. Admit the allegations contained in paragraph 27 of the Counterclaims.

28. Paragraph 28 of the Counterclaims states a legal conclusion as to which no response is required.

29. Deny the allegations contained in paragraph 29 of the Counterclaims.

30. Deny the allegations contained in paragraph 30 of the Counterclaims.

**SECOND COUNTERCLAIM FOR RELIEF**

*Declaratory Relief Pursuant to 28 U.S.C. §§ 2201 et seq.*

31. Counterclaim Defendants repeat and re-allege the responses to the allegations contained in paragraphs 1 through 30 of the Counterclaims as if fully set forth herein at length.

32. Paragraph 32 of the Counterclaims states a legal conclusion as to which no response is required, except admit that there is a justiciable controversy between the parties concerning the parties' respective rights and interests in the subject master recording.

33. Admit the allegations contained in paragraph 33 of the Counterclaims.

34. Admit the allegations contained in paragraph 34 of the Counterclaims.

35. Paragraph 35 of the Counterclaims states a legal conclusion as to which no response is required.

36. Deny the allegations contained in paragraph 36 of the Counterclaims.

37. Deny the allegations contained in paragraph 37 of the Counterclaims.

## THIRD COUNTERCLAIM FOR RELIEF

*False Advertising Under The Lanham Act*

38. Counterclaim Defendants repeat and re-allege the responses to the allegations contained in paragraphs 1 through 37 of the Counterclaims as if fully set forth herein at length.

39. Deny the allegations contained in paragraph 39 of the Counterclaims.

40. Deny the allegations contained in paragraph 40 of the Counterclaims.

41. Deny the allegations contained in paragraph 41 of the Counterclaims.

42. Deny the allegations contained in paragraph 42 of the Counterclaims.

43. Deny the allegations contained in paragraph 43 of the Counterclaims.

44. Deny the allegations contained in paragraph 44 of the Counterclaims.

45. Deny the allegations contained in paragraph 45 of the Counterclaims.

46. Deny the allegations contained in paragraph 46 of the Counterclaims.

## FOURTH COUNTERCLAIM FOR RELIEF

*"Reverse Passing Off" – False Designation of Origin Under The Lanham Act*

47. Counterclaim Defendants repeat and re-allege the responses to the allegations contained in paragraphs 1 through 46 of the Counterclaims as if fully set forth herein at length.

48. Deny the allegations contained in paragraph 48 of the Counterclaims.

49. Deny the allegations contained in paragraph 49 of the Counterclaims.

50. Deny the allegations contained in paragraph 50 of the Counterclaims.

51. Deny the allegations contained in paragraph 51 of the Counterclaims.

52. Deny the allegations contained in paragraph 52 of the Counterclaims.

53. Deny the allegations contained in paragraph 53 of the Counterclaims.

## FIFTH COUNTERCLAIM FOR RELIEF

*Unjust Enrichment*

54. Counterclaim Defendants repeat and re-allege the responses to the allegations contained in paragraphs 1 through 53 of the Counterclaims as if fully set forth herein at length.

55. Deny the allegations contained in paragraph 55 of the Counterclaims.

56. Deny the allegations contained in paragraph 56 of the Counterclaims.

57. Deny the allegations contained in paragraph 57 of the Counterclaims.

58. Deny the allegations contained in paragraph 58 of the Counterclaims.

### SIXTH COUNTERCLAIM FOR RELIEF

*Unlawful, Unfair and Fraudulent Business Practices Violation of California Business & Professions Codes §§ 17200, et seq.*

59. Counterclaim Defendants repeat and re-allege the responses to the allegations contained in paragraphs 1 through 58 of the Counterclaims as if fully set forth herein at length.

60. Deny the allegations contained in paragraph 60 of the Counterclaims, except admit that Counterclaimant purports to bring a claim for unfair competition arising under California Business & Professions Code §§ 17200, et seq.

61. Deny the allegations contained in paragraph 61 of the Counterclaims.

62. Deny the allegations contained in paragraph 62 of the Counterclaims.

63. Deny the allegations contained in paragraph 63 of the Counterclaims.

64. Deny the allegations contained in paragraph 64 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

65. Each of the Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

66. Counterclaimant's state law claims are preempted by, *inter alia*, the U.S. Copyright Act.

### THIRD AFFIRMATIVE DEFENSE

67. Counterclaim Defendants independently created the musical composition at issue.

### FOURTH AFFIRMATIVE DEFENSE

68. Counterclaim Defendants independently created the master recording at issue.

### FIFTH AFFIRMATIVE DEFENSE

69. To the extent that Counterclaimant contributed to the subject composition, such contributions were unprotectable under the Copyright Act, not copyrightable and/or *de minimis*.

### SIXTH AFFIRMATIVE DEFENSE

70. To the extent that Counterclaimant contributed to the subject master recording, such contributions were unprotectable under the Copyright Act, not copyrightable and/or *de minimis*.

**SEVENTH AFFIRMATIVE DEFENSE**

71.     Counterclaim Defendants have not engaged in willful or improper conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

72.     Counterclaim Defendants have not knowingly and intentionally waived any applicable affirmative defense and reserve the right to raise additional affirmative defenses as they become known to them through discovery in this matter.  Counterclaim Defendants further reserve the right to amend their Answer to the Counterclaims and affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of discovery.

WHEREFORE, Counterclaim Defendants respectfully request that a Judgment be entered dismissing the Counterclaims, and awarding Counterclaim Defendants their costs and disbursements incurred, including their reasonable attorneys' fees, and granting them such other and further relief as the Court deems just and proper.

DATED: June 16, 2017                         Respectfully Submitted,

REITLER KAILAS & ROSENBLATT, LLC


                      /s/ Brian D. Caplan
BRIAN D. CAPLAN

Brian D. Caplan
(admitted *pro hac vice*)
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 209-3050
Facsimile:  (212) 371-5500
Email: bcaplan@reitlerlaw.com

-and-

FREUNDLICH LAW
Kenneth D. Freundlich (SBN: 119806)
16133 Ventura Blvd., Ste. 1270
Encino, California 91436
Telephone:  (818) 377-3790
Facsimile:  (310) 275-5351
Email: ken@freundlichlaw.com

*Attorneys for Plaintiffs/Counterclaim Defendants*